GRAHAM, APPELLANT, *v.* HARBOUR, D.B.A A&A DATA ENTRY SERVICE, APPELLEE.

(No. 84AP-106—Decided October 16, 1984.)

John E. Palcich, for appellant.
Robert E. Branham, for appellee.

BROGAN, J. Plaintiff, Mary K. Graham, filed a complaint in the Franklin County Court of Common Pleas alleging that she was due unpaid wages for two thousand two hundred seventy-five hours of overtime work performed for her employer, Freda Harbour, doing business as A & A Data Entry Service (hereinafter referred to as "A & A"). Plaintiff asserted that she was entitled to overtime compensation at a wage rate of one and one-half times her $6.00 hourly rate for hours worked in excess of forty hours per week, in the manner and method provided in the Federal Fair Labor Standards Act of 1938 and the pertinent Ohio statutes. Plaintiff further stated that she was entitled to reasonable attorney fees in the amount of $5,000. In a second cause of action, commencing with paragraph five of the complaint, plaintiff claimed defendant offered her, in lieu of overtime compensation, forty percent of A & A.

Defendant answered and generally denied the allegations in plaintiff's complaint. In addition, defendant asserted that plaintiff was a managerial, salaried employee and was an "exempt employee" under the Federal Fair Labor Standards Act of 1938 and was, therefore, not entitled to overtime pay. Defendant also raised as defenses that plaintiff voluntarily quit and released any and all claims for pay, and that the statute of limitations barred plaintiff's claim. As to plaintiff's second cause of action, defendant raised the defense of the Statute of Frauds and also renewed all defenses raised to the first cause of action.

Defendant also counterclaimed

maintaining that: (1) plaintiff negligently performed her duties; (2) plaintiff's suit was an abuse of process; (3) plaintiff owed her $184, the balance due on a loan; (4) plaintiff exposed her business to public view and invaded her privacy; and (5) she was defamed *per se* because plaintiff diminished and damaged her reputation in her trade and profession. Defendant sought $50,000 in compensatory damages and $100,000 in punitive damages.

The matter came on for trial by jury on December 6, 1983. At the close of the evidence, defendant moved for a directed verdict in her favor because plaintiff had failed to affirmatively demonstrate that she was an "employee" as defined in Ohio's Minimum Fair Wage Standards Act as enacted in R.C. Chapter 4111. The trial court agreed and directed a verdict in defendant's favor.

In pertinent part, the trial court's January 4, 1984 judgment entry reads:

"* * * [T]he Defendant then moved for directed verdict upon the theory that Plaintiff had failed to allege or introduce any evidence that Defendant was an 'employer' as used in § 4111.03, O.R.C., and defined in § 4111.01 (D), for jurisdictional purposes, *i.e.,* the Defendant must have annual sales in excess of $150,000.00, to be subject to the statutory requirements regarding overtime pay. It appearing that the facts are undisputed, *i.e.,* the Plaintiff failed to allege or introduce any evidence of the sales of [*sic*] revenue of the Defendant, and that construing the evidence most favorably to Plaintiff as required by Civil Rule 50(A)(4), reasonable minds can only reach one conclusion and that conclusion is adverse to the Plaintiff; therefore, it is

"ORDERED, ADJUDGED AND DECREED THAT Defendant's motion is well-founded and Plaintiff's claim is dismissed with prejudice, costs to be borne by Plaintiff. There is no just reason to delay enforcement or appeal hereof."

From this judgment, plaintiff has appealed to this court.

Civ. R. 54(B) provides in pertinent part that:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. * * *"

In this court, the judgment is reviewable upon the determination of no reason for delay, as well as for error in granting the judgment. *Whitaker-Merrell* v. *Geupel Co.* (1972), 29 Ohio St. 2d 184 [58 O.O.2d 399].

In this case, the trial court determined that there was no just reason for delaying appeal on the matter adjudicated. However, the only matter adjudicated was that plaintiff was not entitled to overtime pay as provided for in R.C. 4111.03 of the Ohio Minimum Fair Wage Standards Act. The trial court did not adjudicate any matters concerning the counterclaim, plaintiff's claim under the Federal Fair Labor Standards Act of 1938, the forty-percent-of-the-business claim in conjunction with the Statute of Frauds issue, or the straight-payment claim under R.C. 4111.01(D), sentence two.[1]

Plaintiff's second, third, and fourth assignments of error read as follows:

"2. The trial court committed prejudicial error in not jurisdictionally pro-

---

[1] While the trial court did orally rule from the bench on some of these issues, those rulings were never journalized nor included in the court's January 4, 1984 judgment entry. A court can only speak through its journal entries. See *State* v. *Mincy* (1982), 2 Ohio St. 3d 6, 8.

ceeding under the Federal Fair Labor Standards Act of 1938 as amended in that there was sufficient evidence introduced to support Plaintiff's claim and reasonable minds can come to more than one conclusion.

"3. The trial court committed prejudicial error in not jurisdictionally proceeding on Plaintiff's claim under her common law right for uncompensated labor performed in that there was sufficient evidence introduced to support Plaintiff's claim and reasonable minds can come to more than one conclusion.

"4. The trial court committed prejudicial error in granting defendant's motion *in limine* immediately prior to trial on the second claim in plaintiff's complaint regarding an agreement to award Plaintiff 40% of the business."

Because these three assignments of error concern matters not adjudicated by the trial court, they are premature and are, therefore, overruled.

In her first assignment of error, plaintiff argues:

"1. The trial court committed prejudicial error in granting the defendant a directed verdict at the completion of defendant's [*sic*] case on jurisdictional grounds based on Ohio Revised Code § 4111.01(D) and related sections."

Initially, we note that plaintiff argues under this assignment of error that she is entitled to payment under R.C. 4111.01(D), sentence two. Determination of that issue is premature.

R.C. 4111.01 defines employer and employee in pertinent part:

"(D) 'Employer' means the state of Ohio, its instrumentalities, and its political subdivisions and their instrumentalities, any individual, partnership, association, corporation, business trust, or any person or group of persons, acting in the interest of an employer in relation to an employee, but does not include an employer whose annual gross volume of sales made for business done is less than one hundred fifty thousand

dollars, exclusive of excise taxes at the retail level which are separately stated. Employers with less than one hundred fifty thousand dollars gross annual sales shall pay at least one dollar per hour in wages to all employees who customarily receive tips or gratuities on a regular basis from patrons and shall pay at least one dollar and fifty cents per hour in wages to all other employees.

"(E) 'Employee' means any individual employed by an employer but does not include:

"* * *

"(4) Any individual employed as an outside salesman compensated by commissions or in a bonafide executive, administrative, or professional capacity as such terms are defined by the 'Fair Labor Standards Act of 1938,' 52 Stat. 1060, 29 U.S.C. 201, as amended;"

R.C. 4111.03 states, in relevant part:

"(A) An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the 'Federal Fair Labor Standards Act of 1938,' 52 Stat. 1060, 29 U.S.C. 207, 213, as amended."

For purposes of R.C. 4111.03, in order for an "employee," as defined by R.C. 4111.01(E), to be eligible for overtime, the employer must meet the definition of "employer" set forth in R.C. 4111.01(D). "Employer" is defined as, insofar as relevant to this case, an individual acting in the interest of an employer in relation to an employee, but does not include an employer whose annual gross volume of sales made for business done is less than $150,000.

Here the record is clear, and plaintiff does not argue to the contrary, that no evidence was introduced as to defendant's gross volume of sales. Rather, plaintiff maintains that: (1) the trial

court had jurisdiction of the subject matter and jurisdiction to determine whether defendant's annual gross sales were less than $150,000; and (2) as the pertinent language of R.C. 4111.01(D) is in the negative, the burden of proof shifts to defendant to show that her annual gross volume of sales was less than $150,000.

Pursuant to R.C. 2305.01, the court of common pleas had jurisdiction in this action. The issue then becomes who has the burden of proving that the employer has more or less than $150,000 in annual gross volume of sales, exclusive of excise taxes at the retail level.

Under the Federal Fair Labor Standards Act of 1938, the employee has the burden of proving, among other things: (1) the employee is engaged in commerce or in the production of goods for interstate commerce or that the employee is employed in an enterprise engaged in commerce or in the production of goods for interstate commerce; (2) the existence of an employer-employee relationship; and (3) the nature of the employer and the employee's duties and activities. See Fries, Wage and Hour Laws (1979), Section 21:329, and cases cited therein.

Section 203, Title 29, U.S. Code is the definitions section of the Federal Fair Labor Standards Act. Section 203(e)(1) defines "employee" in relevant part as "any individual employed by an employer." Section 203(d) defines "employer" in pertinent part as "any person acting directly or indirectly in the interest of an employer in relation to an employee." Section 203(b) defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."

Section 207(a)(2), Title 29, U.S. Code states that:

"No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, * * * for a workweek longer than forty hours * * * unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

Section 213, Title 29, U.S. Code lists exemptions to Section 207. Section 213(a)(2) provides that:

"The provisions of section * * * 207 * * * shall not apply with respect to * * * any employee employed by any retail or service establishment * * * if more than 50 per centum of such establishment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located, * * *."

The burden to establish an exemption is upon the employer. *Idaho Sheet Metal Works, Inc.* v. *Wirtz* (1966), 383 U.S. 190, 206, 209. And, in light of the remedial purposes of the Act, exemption from coverage is to be narrowly construed against the party asserting it. *Arnold* v. *Ben Kanowsky, Inc.* (1960), 361 U.S. 388, 392. See, also, *Gilreath* v. *Daniel Funeral Home, Inc.* (C.A. 8, 1970), 421 F. 2d 504, 508. Thus, this court stated in *Briscoe* v. *Columbus Metro. Area Community Action Org.* (Mar. 9, 1982), No. 81AP-887, unreported, at page 5, citing *Idaho Sheet Metal Works,* that "* * * [t]he employer who seeks to avoid payment of overtime compensation on the basis of an exemption of a person as an executive or administrator has the burden of proving the employee was retained and performed in that capacity. * * *"

Ohio's Minimum Fair Wage Standards Act's definitions and provisions do not list exemptions. However, the sections defining employer and employee parallel their counterparts in the Federal Fair Labor Standards Act in setting forth what an employer or

employee is, and thereafter state "but does not include * * *" (R.C. 4111.01[D] and [E]). Because the Minimum Fair Wage Standards Act is also remedial in purpose, exemption from coverage under the Act should also be narrowly construed against the employer. Consequently, the "but does not include" portions of R.C. 4111.01(D) and (E) are analogous to exemptions under the Fair Labor Standards Act. Therefore, the employer who seeks to avoid payment of overtime compensation on the basis that the business' gross volume of sales made for business done is less than $150,000, exclusive of excise taxes at the retail level, has the burden of proving that the business' gross volume of sales is less than the $150,000 figure.

As the trial court erred in finding that it was plaintiff's burden to show that defendant had gross volume of sales of $150,000 or more, the first assignment of error is sustained.

The fifth and final assignment of error is that the financial requirement on which the directed verdict was granted occurred as a result of the failure of defendant to supply plaintiff with documents requested in her request for production of documents for inspection and copying, filed January 27, 1982.

By a May 28, 1982 decision, the trial court ordered defendant to respond with the production of the documents requested, except the personal tax returns of defendant. There is no indication in the record that defendant did not comply with the order, nor did plaintiff thereafter make a Civ. R. 37(B) motion before the trial court.

Therefore, the fifth assignment of error is overruled.

For the foregoing reasons, the January 4, 1984 judgment of the Franklin County Court of Common Pleas is reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed
and cause remanded.*

McCORMAC, P.J., and STRAUSBAUGH, J., concur.

BROGAN, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District.