[Cite as *Porter v. AJ Automotive Group, Inc.*, 2015-Ohio-3769.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 102448

## STEPHANIE PORTER, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## AJ AUTOMOTIVE GROUP, INC., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No.  CV-12-782457

**BEFORE:**  Boyle, J., Celebrezze, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:**  September 17, 2015

**ATTORNEY FOR APPELLANTS**

Alan I. Goodman
55 Public Square, Suite 1300
Cleveland, Ohio 44113-1971


**ATTORNEYS FOR APPELLEES**

Milton D. Jefferson
11502 Nelson Avenue
Cleveland, Ohio 44105

Malinda A. Harp
21891 Forbes Road
Suite 202
Oakwood Village, Ohio 44146

Joseph W. Jasper, Jr.
614 West Superior Avenue
Suite 940
Cleveland, Ohio 44113

MARY J. BOYLE, J.:

**{¶1}** Plaintiffs-appellants, Stephanie Porter and Philip White, appeal from the trial court's judgment finding that they are not entitled to recover under Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.01 et seq., and Article II, Section 34a, of the Ohio Constitution, which would provide for the recovery of their reasonable attorney fees and costs and double damages on their minimum wage claim. Finding merit to the appeal, we reverse and remand for further proceedings.

Procedural History and Facts

**{¶2}** Porter and White filed the underlying action against their former employer, defendants-appellees AJ Automotive Group and Andrew Jackson, asserting claims under the federal and state provisions of the Fair Labor Standards Act (FLSA) (29 U.S.C. 201, et seq.), the OMFWSA (R.C. 4111.01, et seq.), and Article II, Section 34a, Ohio Constitution. Porter and White, who both worked for specific periods in the car wash section of AJ Automotive, alleged that they did not receive the applicable minimum wage and did not receive overtime pay for the periods that they worked in excess of 40 hours per week.

**{¶3}** Following a bench trial, the trial court found that plaintiffs failed to prove that AJ Automotive met the governing definition of "enterprise engaged in commerce" or "employer" to invoke either the federal or state law statutory scheme. The trial court, however, invoked its equitable powers and awarded plaintiffs the amount that they received less than the minimum wage and the amount of overtime compensation due.

The trial court awarded $2,264.49 to Porter, who worked from June 16, 2011 through February 16, 2012, and awarded $1,505.88 to White, who worked from August 11, 2011 through March 22, 2012. Specifically, the trial court found that Porter was entitled to $2,140.54 on the minimum wages lost and $123.95 in overtime pay due. As for White, the trial court found that he was entitled to $1,471.45 on minimum wages lost and $34.38 in overtime pay due. In reaching this conclusion, the trial court expressly rejected AJ Automotive's argument that the employees were properly compensated as "tipped" employees. The trial court ordered that AJ Automotive and Andrew Jackson were jointly and severally liable for the damages, which does not include either of the parties' attorney fees or expenses. The trial court further denied Porter and White's request for attorney fees and additional damages afforded under the federal and state laws and the Ohio Constitution.

{¶4} Porter and White subsequently filed motions for a judgment notwithstanding the verdict and a new trial, both of which the trial court denied.

{¶5} Porter and White now appeal, raising a single assignment of error:

> The lower court erred in finding the Appellants could not recover under the OMFWSA and under the Ohio Constitution for unpaid minimum wage and overtime compensation.

### Application of OMFWSA and Article II, Section 34a, Ohio Constitution

{¶6} Initially, we note that neither party is disputing the trial court's calculation as to the base amount of payment due to Porter and White based on the documentation

presented at trial. Nor is there any challenge as to the finding that they were paid less than minimum wage and denied overtime compensation. Notably, AJ Automotive and Andrew Jackson have not filed a cross-appeal, challenging any of the trial court's findings, including that Porter and White were not "tipped" employees. Further, Porter and White do not challenge the trial court's finding relating to the application of federal law. Our issue on appeal is therefore narrow and limited to whether the trial court properly found that OMFWSA and Article II, Section 34a, of the Ohio Constitution did not apply, including the provisions allowing for the recovery of double damages on the minimum wage claim and reasonable attorney fees and costs. And here, we find that the trial court erred.

{¶7} The OMFWSA requires all employers to pay a minimum wage and overtime to certain types of employees. *See* R.C. 4111.02 (duty to pay minimum wage), R.C. 4111.03 (overtime; compensatory time), and R.C. 4111.14 (purposes of fair minimum wage constitutional provision; implementation). Additionally, the Ohio Constitution was amended under Article II, Section 34a to ensure minimum wages for Ohio workers. Article II, Section 34a, Ohio Constitution specifically states that "[t]his section shall be liberally construed in favor of its purposes." Similarly, the OMFWSA relies on the FLSA's definition of "employer" for purposes of a minimum wage claim, which should also be liberally construed to achieve the goals of the act. *Ellington v. E. Cleveland*, 689 F.3d 549, 554-555 (6th Cir.2012) (recognizing that "the remedial

purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications").

{¶8} According to the trial court's decision, it reasoned that the OMFWSA did not apply because plaintiffs failed to establish that AJ Automotive and Andrew Jackson met the definition of "employer" as contained in R.C. 4111.03(D)(2), which provides in relevant part:

> (2) "Employer" means * * * any individual, partnership, association, corporation, business trust, or any person or group of persons, acting in the interest of any employer in relation to an employee, but does not include an employer whose annual gross volume of sales made for business done is less than one hundred fifty thousand dollars * * *.

{¶9} The trial court's reliance on this section to deny plaintiffs protection under the OMFWSA was flawed for two reasons. First, this section applies to "overtime" and does not relate to a claim for failure to pay minimum wage, which is the bulk of Porter and White's claims. R.C. 4111.02, which governs an employer's duty to pay minimum wage, expressly states that "[e]very employer, as defined in Section 34a, Article II, Ohio Constitution, shall pay each of the employer's employees at a wage rate of not less than the wage rate specified in Section 34a of Article II, Ohio Constitution." The statute does not contain a sales threshold within the definition of an employer.

{¶10} Article II, Section 34a, Ohio Constitution sets forth that "'employer' and 'employee' shall have the same meanings as under the federal Fair Labor Standards Act or its successor law * * *." Under the federal FLSA, AJ Automotive and Andrew Jackson satisfy the broad definition of "employer," which is defined as "any person acting

directly or indirectly in the interest of an employer in relation to an employee * * *."
29 U.S.C. 203(d).

{¶11} Secondly, to the extent that the definition contained in R.C. 4111.03(D)(2) applies to Porter and White's overtime claim, the trial court erroneously placed the burden on them to prove the sales threshold. Recognizing the remedial purpose of both the federal FLSA and OMFWSA, and that exemptions from coverage under the act should be narrowly construed, the Tenth Appellate District held that the employer — not the employee — "has the burden of proving that the business' gross volume is less than the $150,000 figure." *Graham v. Harbour*, 20 Ohio App.3d 293, 297, 486 N.E.2d 184 (10th Dist.1984). Additionally, AJ Automotive and Andrew Jackson do not seek to invoke R.C. 4111.03(D)(2) as a defense to Porter and White's claims. Indeed, they did not assert in the proceedings below that plaintiffs' claims fail based on the grounds relied upon by the trial court. They have never denied their status as "employer" under R.C. 4111.03(D)(2), nor do they do so on appeal.

{¶12} Accordingly, we find that the trial court erred in failing to afford the plaintiffs their full remedies under OMFWSA and the Ohio Constitution. Given that the trial court has already found that AJ Automotive and Andrew Jackson have violated OMFWSA and the Ohio Constitution by failing to pay Porter and White minimum wage and overtime compensation owed, plaintiffs are entitled to additional damages, including costs and reasonable attorney fees as set forth in Article II,

Section 34a, Ohio Constitution, and OMFWSA.

{¶13} The sole assignment of error is sustained. Judgment reversed and remanded for further proceedings, including a hearing on the employees' costs and reasonable attorney fees. The trial court is further ordered to amend its damages award to account for the double damages provision in the OMFWSA and Article II, Section 34a, Ohio Constitution regarding Porter and White's minimum wage claim, namely, award Porter $4,281.08 and award White $2,942.90. The overtime award remains as previously ordered.

It is ordered that appellants recover from appellees the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
LARRY A. JONES, SR., J., CONCUR