THE WHITAKER-MERRELL CO. ET AL., APPELLANTS, *v.* CARL M. GEUPEL CONSTRUCTION CO., INC., ET AL., APPELLEES.

(No. 71-301—Decided March 15, 1972.)

*Mr. Joseph F. Hogan,* for appellants.
*Messrs. Knepper, White, Richards & Miller, Mr. John A. Jenkins* and *Mr. R. Douglas Wrightsel,* for appellees.

SCHNEIDER, J. Appellee Geupel was awarded a state highway construction contract and entered into a subcontract for paving with Davidson, who in turn purchased material and services from various materialmen, including Whitaker, Purdy, Basic and Standard Oil of Ohio. The latter were not paid in full by Davidson.

Whitaker sued Geupel as prime contractor, and Aetna as surety on its statutory bond, pursuant to R. C. 153.56. Geupel filed a third party complaint against Ohio Casualty,

surety for Davidson, seeking reimbursement for whatever judgments it might be required to pay to Davidson's materialmen. Purdy, Basic and Standard Oil became parties and likewise filed complaints against Geupel and Aetna. The trial court granted motions filed, pursuant to Civ. R. 56(A), by Whitaker and Purdy for summary judgments against Geupel and Aetna, who appealed therefrom.

In reversing, the Court of Appeals found that there was no genuine issue as to any material fact between Whitaker and Purdy on the one hand, and Geupel and Aetna on the other. It further found that the issues between Geupel and Ohio Casualty were not yet determined. With these findings we agree.

The Court of Appeals then held that the summary judgments were not rendered upon the whole case as required by Civ. R. 56(D),[1] reversed the judgments and remanded the cause to the trial court with instructions to comply therewith. Whitaker and Purdy then appealed to this court.

We disagree with the disposition of the case by the Court of Appeals. The "whole case," as to both Whitaker and Purdy, is the entire claim of each against Geupel and Aetna. It does not include all of the other claims and cross-claims involved in the single action, all of which are still pending in the trial court. To hold otherwise would render nugatory Civ. R. 56(A) and (B) which provide for

---

[1]Civ. R. 56(D):

"If on motion under this rule summary judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court in deciding the motion, shall examine the evidence or stipulation properly before it, and shall if practicable, ascertain what material facts exist without controversy and what material facts are actually and in good faith controverted. The court shall thereupon make an order on its journal specifying the facts that are without controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

summary judgment on behalf of either party to a claim, counterclaim or cross-claim in accordance with Civ. R. 56(C).

However, we agree that these appeals must be remanded to the trial court, but for a different reason and a different purpose. The trial court's entries of summary judgment in favor of Whitaker and Purdy pursuant to Civ. R. 56(A) could not, and did not, constitute final judgments under Civ. R. 54(B)[2] because they failed to include "an express determination" that there was "no just reason" for delaying the granting of summary judgment as to each of those parties. Therefore, the Court of Appeals should have, *sua sponte*, dismissed the appeal of Geupel and Aetna from those judgments on the ground that they were not appealable judgments or orders. *Cincinnati* v. *Butler* (1966), 5 Ohio St. 2d 80.

Actually, Whitaker and Purdy were more adversely affected than Geupel and Aetna by the trial court's failure to make the required determinations. This is so because the last sentence of Civ. R. 54(B) provides that in the absence of such determination, the orders, "however designated . . . shall not terminate the action as to any of the claims or parties" and are "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." In other

---

[2]Civ. R. 54(B):

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, *the court may enter final judgment* as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay.* In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis supplied.)

words, Whitaker and Purdy gained very little by the trial court's entries, and Geupel and Aetna lost nothing thereby.

Whatever may be said of the Ohio Rules of Civil Procedure, it was not one of their purposes to encourage, or to permit, unnecessarily fragmented appeals, as illustrated by this case, to which Civil Rules 54 and 56 are equally applicable. There is no inconsistency between them.

A trial court is authorized to grant final summary judgment "upon the whose case" (Civ. R. 56[D]) as to "fewer than all the claims or parties" (Civ. R. 54[B]) in multi-party or multi-claim actions "only upon an express determination that there is no just reason for delay" until judgment is granted as to all the claims and parties. In that event only, the judgment is reviewable upon the determination of no reason for delay, as well as for error in the granting of judgment. Otherwise, it is not final and not appealable. See *Wan* v. *Black* (C. C. A. 9, 1950), 182 F. 2d 146, certiorari denied, 342 U. S. 826.

The judgment of the Court of Appeals is vacated, and that judgment is rendered which that court should have rendered, *i. e.*, the appeals are dismissed and the cause is remanded to the trial court for further proceedings in accordance with law.

*Judgment vacated.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.