WAY ET AL., APPELLANTS, *v.* WALLACH, APPELLEE.

(No. 31101—Decided June 8, 1972.)

*Messrs. Danaceau, Brown, Hausler & Rothschild,* for appellants.

*Messrs. Squire, Sanders & Dempsey,* for appellee.

MANOS, J. On January 8, 1970, plaintiff, Norman W. Way, an employee and corporate officer of the Miles Cartage Company, Inc., and his wife filed an action in the Court of Common Pleas of Cuyahoga County against the defendant, Edwin Wallach, to recover damages for personal injuries and loss of services arising out of an automobile collision which occurred on August 25, 1968.

On August 18, 1970, the Miles Cartage Company, Inc., hereinafter referred to as ''Miles,'' filed and was granted a motion to intervene as a new party plaintiff. In its complaint Miles alleged that 'plaintiff as one of its corporate officers was to be paid a designated salary whether he worked or not; that because of the personal injuries sustained by plaintiff, Miles was compelled to hire one Robert Cramer to perform plaintiff's duties, the result of which

damaged Miles to the extent it paid additional wages in the amount of $4,846.72.

On August 27, 1970, defendant moved to dismiss the complaint on the ground that defendant owed no legal duty to the new party plaintiff, and that any damages resulting from the accident to be compensable were too remote and too speculative. In response Miles filed an amended complaint on April 13, 1971, which the court dismissed upon proper motion of the defendant. The court in granting the motion did not include an express determination that there was no just reason for delay of an entry of final judgment. It is from this order that the appeal is taken.

Before this court can reach the merits of the question raised, the issue to be resolved first is whether the dismissal of appellant's amended complaint is a final appealable order.

Rule 54(B) of the Ohio Rules of Civil Procedure states:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay.* In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)

Before an order becomes final as to one or more but not all of multiple parties to a lawsuit, the trial judge in his discretion must make an "express determination that there is no just reason for delay." See *Boer* v. *Borg-Warner Corp.* (3d Cir. 1966), 364 F. 2d 907; *G. K. W., Inc.,* v. *Philco Corp.* (2d Cir. 1960), 276 F. 2d 928.

"Although the district judge made an express direction for the entry of judgment he made no express deter-

mination that there is no just reason for delay. Rule 54(b), as amended in 1961, provides that in an action involving multiple parties, *unless the district court makes such a finding, an order, however designated, does not terminate the action* as to any of the parties. Thus there is no 'final decision' from which an appeal may be taken. . . .'' (Emphasis added.) *Davis* v. *National Mortgage Corp.* (2d Cir. 1963), 320 F. 2d 90 at 91.

See, also, *Whitaker-Merrell* v. *Geupel* (1972), 29 Ohio St. 2d 184; *Weinstock Hermanos & CIA Ltda.* v. *American Aniline & E. Co.* (3d Cir. 1969), 406 F. 2d 1327; *Century Investment Corporation* v. *United States* (9th Cir. 1960), 277 F. 2d 247.

Finding no express determination of finality, this court must dismiss the appeal for want of jurisdiction. Appellant's present appeal is premature. When all the rights of the parties to the lawsuit have been adjudicated, the order of dismissal will then be a final appealable order.

*Appeal dismissed.*

KRENZLER and JACKSON, JJ., concur.