DECISION AND JOURNAL ENTRY
Appellant-plaintiff Rhonda Tanner appeals from an order in the Wayne County Court of Common Pleas, Juvenile Division, that purported to grant temporary custody of four of her children to Wayne County Children Services Board ("WCCSB"). This Court is required to raise jurisdictional issues involving final appealable orders sua sponte, and must therefore dismiss the appeal. See Inre Murray (1990), 52 Ohio St.3d 155, 160 at fn. 2;Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186; Inre Dortch (Nov. 24, 1999), Summit App. No. 19458, unreported.
The facts that led to the disposition of the case are as follows. On November 8, 1996, WCCSB filed complaints against appellant alleging that her children, Victor, Roger, Daniel and Ruby Tanner were neglected and dependent. The children were found to be neglected and dependent on January 31, 1997, and placed under the protective supervision of WCCSB. On July 25, 1997, WCCSB filed a motion for review to continue protective supervision. WCCSB amended that motion on July 29, 1997, to request emergency temporary custody instead of protective supervision. The court granted WCCSB temporary custody of the four children on November 20, 1997. The issue of custody was set to be reviewed the week of November 17, 1998.
Appellant filed a motion on February 6, 1998, to return these four children to her custody. The magistrate denied appellant's motion on August 6, 1998, and the trial court purported to adopt the magistrate's order that same day in an entry stating that "[t]he Court has reviewed the decision of the Magistrate in this matter, and finds it should be adopted as the order of the Court. Any objections filed shall act as an automatic stay * * *."
Appellant filed objections to the magistrate's decision on September 30, 1998. The trial court overruled appellant's objections in an October 30, 1998, judgment entry that provided:
 This is a ruling on the objections of Rhonda Tanner to the magistrate's decision filed August 6, 1998. The court has reviewed the decision, the transcript of hearing, the response filed on behalf of the Wayne County Children
 Services Board and the entire file. The court finds that the objections should be overruled.
Appellant then appealed the entry denying her objections to the magistrate's decision, asserting one assignment of error. This Court issued an order requiring appellant to show cause why the appeal should not be dismissed for lack of a final appealable order because the October 30, 1998 entry failed to set forth the trial court's order. In response, a nunc pro tunc judgment entry was entered in the trial court on September 28, 1999, and filed with this Court the following day.
Although the nunc pro tunc entry properly adopted the magistrate's decision of August 6, 1998, the October 30, 1998 judgment entry from which appellant seeks relief is not a final appealable order. The October 30, 1998 entry overrules the objections, but does not comply with Civ.R. 53(E) because it does not explicitly adhere to the prior entry of August 6, 1998.
Civ.R. 53(E) (4) (c) states that:
 The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered.
(Emphasis added.)
Therefore, because the trial court's entry did not vacate, modify, or adhere to the previous judgment entry and because the parties must refer to other documents to know their rights and obligations, the entry is not final and this Court does not have jurisdiction to hear the appeal. See Dortch, supra.
Accordingly, the appeal is hereby dismissed.
Appeal dismissed.
 KK
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). Costs taxed to Appellant.
Exceptions.
 LYNN C. SLABY FOR THE COURT SLABY, P.J.
WHITMORE, J.
CONCUR