DECISION AND JOURNAL ENTRY
Appellant-defendant Stanley Marrero appeals from an order denying his motion for summary judgment. However, because an appellate court is required to raise jurisdictional issues involving final appealable orders sua sponte, this Court must do so and dismiss the instant appeal. See In re Murray (1990),52 Ohio St.3d 155, 160 at fn. 2; Whitaker-Merrell v. GeupelCo. (1972), 29 Ohio St.2d 184, 186.
At around 2:00 a.m. on August 19, 1995, an automobile being driven by plaintiff-appellee Tina Sanders was stopped by Marrero, who was a police officer for the city of Lorain at the time. Officer Marrero asked Sanders for her license and administered a field sobriety test. Sanders passed the sobriety test, but did not have her license with her. Sanders then supplied Officer Marrero with her name, social security number, and home telephone number so that Officer Marrero could call her after checking on the validity of her license.
At approximately 4:00 a.m. that morning, after Sanders had returned home and went to bed, Officer Marrero called Sanders at home. Officer Marrero first informed Sanders that her license was valid. The officer then allegedly asked Sanders what she was doing, who else was there with her, and if they could talk. Sanders claims that when she failed to respond to the last question, Officer Marrero terminated the telephone call.
On December 17, 1996, Sanders filed a lawsuit against Officer Marrero, claiming that, as a result of Marrero's telephone call, she "experienced great emotional distress, is fearful of going out at night, and was required to engage in counseling for her feelings of dread, agitation, and extreme emotional distress." Officer Marrero responded and filed a motion for summary judgment, asserting that Sanders' complaint failed to state a claim for which relief could be granted against him in his official capacity and that, absent evidence that he had acted with a malicious purpose, in bad faith, or in a wanton or reckless manner, he was immune from liability pursuant to R.C. Chapter 2744. The trial court denied Marrero's summary judgment motion, stating merely that "there are genuine issues of material fact, and the moving party is not entitled to judgment, as a matter of law." Marrero timely appealed.
Generally, an order denying a motion for summary judgment is not a final appealable order. State ex rel. Overmeyer v. Walinski
(1966), 8 Ohio St.2d 23, 23. However, effective January 27, 1997, R.C. 2501.02 and 2744.02 were amended by Am.Sub.H.B. No. 350 to provide that an order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in R.C. Chapter 2744 is a final order. These amendments were generally interpreted to provide Ohio appellate courts with jurisdiction to review orders denying summary judgment on the basis of an alleged immunity. See, e.g., Lutz v. Hocking Technical College (May 18, 1999), Athens App. No. 98CA12, unreported.
On August 16, 1999, however, the Supreme Court of Ohio held that Am.Sub.H.B. No. 350 was unconstitutional in toto. State exrel. Ohio Academy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, paragraph three of the syllabus. Because "an unconstitutional law must be treated as having no effect whatsoever from the date of its enactment," Am.Sub.H.B. No. 350 must be regarded in light of the Supreme Court of Ohio's explication that "`[a]n unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed.'" Middletown v.Ferguson (1986), 25 Ohio St.3d 71, 80, quoting Norton v. ShelbyCounty (1886), 118 U.S. 425, 442. Therefore, as he has conceded, Marrero cannot base his appeal on the invalid January 27, 1997 changes to R.C. 2501.02 and 2744.02 brought about by Am.Sub.H.B. No. 350.
Nor can Marrero base his appeal on subsequent changes to R.C.2744.02. Am.Sub.H.B. No. 215, effective June 30, 1997, amended unrelated portions of R.C. 2744.02. Section 15(D), Article II of the Ohio Constitution provides that "[n]o law shall be revived or amended unless the new act contains the entire act revived, or the section or sections amended, and the section or sections amended shall be repealed." As such, because Am.Sub.H.B. No. 215 explicitly repealed the prior version of R.C. 2744.02 and renacted the amended version, R.C. 2744.02 now provides:
 (C) An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744. or any other provision of the law is a final order.
Although this language would render the denial of Marrero's motion for summary judgment final and appealable if applicable to his case, this Court has recently explained:
 "A statute is presumed to be prospective in its operation unless expressly made retrospective." R.C. 1.48.
 The legislature did not specify that R.C. 2744.02(C), as amended by Am.Sub.H.B. 215, applies to pending cases in which the cause of action accrued prior to June 30, 1997. Cf. R.C. 2505.02(D). Accordingly, the statute is presumed to apply prospectively. See R.C. 1.48; Cole v. Holland
(1996), 76 Ohio St.3d 220, 225. See, generally, Van Fossen v. Babcock Wilson Co. (1988), 36 Ohio St.3d 100.
Sumskis v. John Doe Nos. 1-10 (Feb. 2, 2000), Summit App. Nos. 2886-M and 2887-M, unreported.
Accordingly, because R.C. 2744.02 as reenacted does not apply to cases pending as of June 30, 1997, no final appealable order has been entered in the instant case. As such, this Court is without jurisdiction to entertain the appeal. The appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
DONNA J. CARR, FOR THE COURT.
SLABY, P.J., WHITMORE, J., CONCUR.