DECISION AND JOURNAL ENTRY
Appellant-defendant the Medina City School District ("the District") appeals from an order denying its motion for summary judgment in the Medina County Court of Common Pleas. However, because an appellate court is required to raise jurisdictional issues involving final appealable orders sua sponte, this Court must do so and dismiss the instant appeal. See In re Murray
(1990), 52 Ohio St.3d 155, 160 at fn. 2; Whitaker-Merrell v.Geupel Co. (1972), 29 Ohio St.2d 184, 186.
Given this Court's disposition of the instant appeal, the underlying facts need not be recounted in much detail. Appellee-plaintiff Jason Klamm, a minor, filed suit by and through his mother on May 13, 1996, seeking relief for injuries he had allegedly sustained at Medina Senior High School on June 5, 1995. The District answered on June 12, 1996, asserting as an affirmative defense sovereign immunity under R.C. Chapter 2744. Subsequently, the District then asserted this defense as the basis for a summary judgment motion filed on December 11, 1997. Finding that factual issues existed, the trial court denied the motion on January 28, 1998. The District appealed.
This Court issued a show cause order on February 24, 1998, requiring the District to demonstrate that the January 28, 1998 trial court order was final and appealable. The District responded, arguing that R.C. 2501.02 and 2744.02(C) permit an appeal from the denial of a political subdivision's motion for summary judgment based on a claim of sovereign immunity. While an order denying a motion for summary judgment is generally not a final appealable order, State ex rel. Overmeyer v. Walinski
(1966), 8 Ohio St.2d 23, 23, both R.C. 2501.02 and 2744.02 were amended effective January 27, 1997, by Am.Sub.H.B. No. 350 to provide that an order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in R.C. Chapter 2744 is a final order. These amendments were interpreted to provide Ohio appellate courts with jurisdiction to review orders denying summary judgment on the basis of an alleged immunity. See, e.g.,Lutz v. Hocking Technical College (May 18, 1999), Athens App. No. 98CA12, unreported.
On August 16, 1999, however, the Supreme Court of Ohio held that Am.Sub.H.B. No. 350 was unconstitutional in toto. State exrel. Ohio Academy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, paragraph three of the syllabus. Because "an unconstitutional law must be treated as having no effect whatsoever from the date of its enactment," Am.Sub.H.B. No. 350 must be regarded in light of the Supreme Court of Ohio's explication that "`[a]n unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed.'" Middletown v.Ferguson (1986), 25 Ohio St.3d 71, 80, quoting Norton v. ShelbyCounty (1886), 118 U.S. 425, 442. Therefore, the District cannot base its appeal on the invalid January 27, 1997 changes to R.C.2501.02 and 2744.02 brought about by Am.Sub.H.B. No. 350.
Nor can the District base its appeal on subsequent changes to R.C. 2744.02. Am.Sub.H.B. No. 215, effective June 30, 1997, amended unrelated portions of R.C. 2744.02. Section 15(D), Article II of the Ohio Constitution provides that "[n]o law shall be revived or amended unless the new act contains the entire act revived, or the section or sections amended, and the section or sections amended shall be repealed." As such, because Am.Sub.H.B. No. 215 explicitly repealed the prior version of R.C. 2744.02 and renacted the amended version, R.C. 2744.02 now provides:
 (C) An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744. or any other provision of the law is a final order.
Although this language would render the denial of the District's motion for summary judgment final and appealable if applicable to the instant case, this Court has recently explained:
 "A statute is presumed to be prospective in its operation unless expressly made retrospective." R.C. 1.48.
 The legislature did not specify that R.C. 2744.02(C), as amended by Am.Sub.H.B. 215, applies to pending cases in which the cause of action accrued prior to June 30, 1997. Cf. R.C. 2505.02(D). Accordingly, the statute is presumed to apply prospectively. See R.C. 1.48; Cole v. Holland
(1996), 76 Ohio St.3d 220, 225. See, generally, Van Fossen v. Babcock Wilson Co. (1988), 36 Ohio St.3d 100.
Sumskis v. John Doe Nos. 1-10 (Feb. 2, 2000), Summit App. Nos. 2886-M and 2887-M, unreported.
Accordingly, because R.C. 2744.02 as reenacted does not apply to cases pending as of June 30, 1997, no final appealable order has been entered in the instant case. As such, this Court is without jurisdiction to entertain the appeal. The appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
DONNA J. CARR, FOR THE COURT.
BAIRD, P.J., SLABY, J., CONCUR.