DECISION AND JOURNAL ENTRY
Appellant-defendant Thomas Allan Burkey appeals from an entry in the Summit County Court of Common Pleas that recognized that he is a sexually oriented offender. Because the order from which Burkey appeals is not a final appealable order, the appeal is dismissed.
On June 30, 1989, the Summit County Grand Jury issued a secret indictment against Burkey, charging him with one count of rape in violation of R.C. 2907.02(A)(1)(b), one count of sexual battery in violation of R.C. 2907.03(A)(5), and one count of gross sexual imposition in violation of R.C. 2907.05(A)(3). The latter two counts each carried one physical harm specification pursuant to R.C. 2941.143(A) and one prior offense of violence specification pursuant to R.C. 2941.143(B). Burkey initially pled not guilty to the charges against him, then subsequently pled guilty to the sexual battery count, to the gross sexual imposition count, and to the two physical harm specifications. The charge of rape and the prior offense of violence specifications were dismissed. Burkey was sentenced accordingly.
Thereafter, in July 1999, a sexual offender classification hearing was held in the Summit County Court of Common Pleas. In an entry journalized on July 22, 1999, the trial court found Burkey to be a sexually oriented offender.
Burkey timely appeals from this order, asserting one assignment of error:
 APPLYING "MEGAN'S LAW", [sic] AM.SUB.H.B. NO. 180, 146 OHIO LAWS, PART II, 2560 (EFFECTIVE DATE JANUARY 1, 1997), I.E. SECTIONS 2950 ET SEQ, [sic] TO THOSE CONVICTED UNDER PRIOR LAW VIOLATES THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION AND THE RETROACTIVITY CLAUSE IN SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION AS WELL AS SECTION 1, ARTICLE I OF THE OHIO CONSTITUTION. THUS APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHTS AND DENIED EQUAL PROTECTION WHEN HE WAS REQUIRED TO REGISTER IN THAT THE COMMUNITY NOTIFICATION PROVISIONS NEEDLESSLY INFRINGE ON THE RIGHTS OF AN INDIVIDUAL WITH SUCH A LABEL.
 In his sole assignment of error, Burkey challenges the constitutionality of R.C. Chapter 2950. However, because an appellate court is required to raise jurisdictional issues involving final appealable orders sua sponte, this Court must do so and dismiss the instant appeal without addressing the merits of Burkey's assignment of error. See In re Murray
(1990), 52 Ohio St.3d 155, 160, fn. 2; Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186.
In the instant case, because Burkey was still confined at the time of the relevant proceedings below, the July 1999 hearing was held pursuant to R.C. 2950.09(C)(1) and (2). As such, the trial court was empowered to address only a limited number of issues at the hearing, none of which includes an explicit determination as to whether Burkey is a sexually oriented offender. See R.C.2950.09(C)(2).
The first issue is whether an offender such as Burkey is a sexual predator. The first paragraph of R.C. 2950.09(C)(2)(a) is concerned with a sexual predator adjudication, and provides that the trial court may "determine that the offender is not a sexual predator without a hearing but shall not make a determination that the offender is a sexual predator in any case without a hearing." If the trial court proceeds to a hearing, then R.C.2950.09(C)(2)(b) becomes relevant. This section provides that, "[a]fter reviewing all testimony and evidence presented at the sexual predator hearing and the factors specified in [R.C.2950.09(B)(2)], the court shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C.2950.09(C)(2)(b).
Should the trial court hold a hearing and determine that the defendant is not a sexual predator, the court shall also determine a second issue: whether the defendant is a habitual sex offender. R.C. 2950.09(C)(2)(b). The second paragraph of R.C.2950.09(C)(2)(a) is concerned with a habitual sex offender adjudication, and provides that the trial court "may make the determination as to whether the offender previously has been convicted of or pleaded guilty to a sexually oriented offense" with or without a hearing. If such a determination is made without a hearing, the trial court cannot impose that the defendant be subject to the applicable community notification provisions without first holding a hearing on that issue. If, however, the trial court makes such a determination, then the court shall include its determination in the offender's institutional record. Id.
In situations such as the instant case, where the stated purpose of the hearing was "to determine whether [Burkey] should be adjudicated as a sexually-oriented offender or predator," the trial court is guided by the mandate of R.C. 2950.09(C)(2)(b), which provides:[1]
 Upon making its determinations at the hearing, the court shall proceed as follows:
 (i) If the hearing is to determine whether the offender is a sexual predator, and if the court determines that the offender is not a sexual predator and that the offender previously has not been convicted of or pleaded guilty to a sexually oriented offense other than the offense in relation to which the hearing is being conducted, it shall include its determinations in the offender's institutional record. (Emphasis added.)
 Here, however, the trial court made no such official determination as to whether Burkey is a sexual predator or even a habitual sexual offender. Rather, the entirety of trial court's July 22, 1999 entry read:
 THIS DAY, to wit: the 20th day of July, A.D., 1999, upon due consideration of this Court, a hearing was held on this date and pursuant to ORC 2950.09(C), IT IS HEREBY ORDERED that the Defendant is found to be a sexually oriented offender and was instructed as to his residence reporting requirements, by law, within seven (7) days of his release from prison. FURTHER, the Defendant is to be conveyed back to the Orient Correctional Institution, FORTHWITH. (Emphasis sic.)
 Therefore, rather than issue a finding that Burkey was not a sexual predator, the trial court issued a "finding," allegedly pursuant to R.C. 2950.09(C), that Burkey is a sexually oriented offender. As noted, the trial court lacked the authority to make such a finding.
This is so because Burkey's classification as a sexually oriented offender is not — and cannot be — at issue here. The Supreme Court of Ohio has stated in dicta that "[u]nder [R.C. Chapter 2950], a sentencing court must determine whether sex offenders fall into one of the following classifications: (1) sexually oriented offender; (2) habitual sex offender; or (3) sexual predator." State v. Cook (1998), 83 Ohio St.3d 404, 407. This statement should best be interpreted as a generalized overview of R.C. Chapter 2950 rather than as an inadvertent grant of authority and imposition of obligations on the trial court that the General Assembly did not set forth in the statutory scheme. In other words, the Supreme Court of Ohio has recognized that when a trial court makes a determination as to whether a defendant is a sexual predator or a habitual sex offender, it implicitly makes a determination regarding into which category the defendant falls. Nothing indicates that the Court intended to mandate that a trial court must or can make a finding regarding whether a defendant is a sexually oriented offender.
The sexually oriented offender classification is not defined in R.C. Chapter 2950. Rather, the Supreme Court of Ohio has explained that "[a] sexually oriented offender is one who has committed a `sexually oriented offense' as that term is defined in R.C. 2950.01(D) but who does not fit the description of either habitual sex offender or sexual predator." Cook, supra, at 407. Under R.C. 2950.01(D)(1), Burkey's violations of R.C.2907.03(A)(5) and 2907.05(A)(3) are both sexually oriented offenses. Therefore, Burkey is a sexually oriented offender subject to the dictates of R.C. 2950.04, which became effective on March 30, 1999, and provides:
 (A) Each offender who is convicted of or pleads guilty to, or has been convicted of or pleaded guilty to, a sexually oriented offense * * * shall register with the sheriff of the following applicable described county and at the following time:
 (1) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and if, on or after July 1, 1997, the offender is released in any manner from the prison term, term of imprisonment, or confinement, within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days, the offender shall register with the sheriff of that county.
 This duty to register shall commence "on the date of the offender's release from a prison term, a term of imprisonment, or any other type of confinement or on July 1, 1997, whichever is later." R.C. 2950.07(A)(1).
This Court has previously explained that the sexually oriented offender label attaches to a defendant who has been convicted of a sexually oriented offense "as a matter of law and not as the result of the trial court's action. Such action by the trial court [is] in fact unnecessary." State v. Smith (June 23, 1999), Lorain App. No. 98CA007070, unreported, citing State v.Rimmer (Apr. 29, 1998), Lorain App. No. 97CA006795, unreported. Therefore, "[t]he duties arising from a defendant being a sexually oriented offender are independent of a sexual predator hearing and arise not by court order, but by statutory imposition."[2]Id.
In Rimmer, this Court examined the nature of appealing a sexually oriented offender classification:
 In the case at bar, Defendant was found not to be a sexual predator. The judge then included information in his journal entry which would have been required of Defendant even if the trial court had not included such language in its journal entry. See R.C. 2950.01(D) and 2950.04. Thus, we first address whether Defendant has an injury for this court to remedy.
 Only a party aggrieved by a final order may perfect an appeal. The burden is on the appellant to establish that he is an aggrieved party whose rights have been adversely affected by the trial court's judgment. Furthermore, appellate courts will not review questions devoid of live controversies.
 In the case at bar, the trial court simply pointed to what [D]efendant would be required to do * * * pursuant to the definitions of R.C. 2950.01(D), and the registration requirement of R.C. 2950.04. If the court did not point this out in its judgment entry, the Defendant would still be required to register pursuant to R.C. 2950.01(D) and R.C. 2950.04 after July 1, 1997. Thus, we find that Defendant is not an aggrieved party whose rights have been adversely affected, and Defendant's present claim is devoid of a live controversy.
 (Case citations omitted.) Id. This rationale has been explored by several of our sister appellate courts. In State v. Cox (Mar. 31, 1998), Franklin App. No. 97APA08-1006, unreported, for example, the Tenth District held that an order that neglected to state explicitly that the defendant was not a sexual predator but instead explicitly adopted a stipulation classifying him as a sexually oriented offender went "beyond the scope of the proceedings in the trial court." That appellate court vacated the portions of the entry related to the sexually oriented offender classification and remanded the matter so that the trial court could comply with the statutory mandate and enter a determination that the defendant was not a sexual predator.Subsequently, in State v. Lindsay (May 8, 1998), Hamilton App. No. C-970525, unreported, the First District addressed a similar set of facts; here, however, the trial court entry both found that the defendant was not a sexual predator and then found that he was a sexually oriented offender. That court affirmed, stating that while "the trial court should have limited its entry to the sole issue of whether [the defendant] is a sexual predator," the defendant suffered no prejudice by the trial court's surplusage. Id. Other districts have followed this latter rationale. In State v. Redden (Mar. 19, 1999), Lucas App. No. L-98-1087, unreported, the Sixth District addressed the issue of whether a trial court possesses jurisdiction to adjudicate a defendant as a sexually oriented offender as a part of sexual offender classification hearing. That court stated:
 [E]ven if the trial court should have limited its findings to the issue of appellant's status as a "sexual predator," we find that appellant has suffered no prejudice from the trial court's finding that appellant was a "sexually oriented offender." Throughout the proceedings, appellant was always a "sexually oriented offender," as a matter of law. The trial court merely reaffirmed appellant's legal status, no factual determination had to be made.
Id. See, also, State v. Goodballet (Mar. 30, 1999), Columbiana App. No. 98 CO 15, unreported, appeal not allowed (1999), 87 Ohio St.3d 1449 (Seventh District affirmed, noting that "[a] trial court adds nothing by classifying a defendant as [a sexually oriented offender] and the offender is not prejudiced * * *."). Most recently, the Third District addressed this issue in State v. Moyers (Mar. 27, 2000), Seneca App. No. 13-99-54, unreported. In Moyers, the trial court entry had both found that the defendant was not a sexual predator and that he was a sexually oriented offender. The appellate court dismissed the appeal, explaining that it believed this Court's reasoning in Rimmer "to be sound."Moyers, supra. Additionally, the Third District concluded that "there is no live controversy presented by this case, as the trial court's actions cause no real injury to the defendant. Moreover, we observe that defendant has other adequate legal avenues by which his constitutional concerns may be addressed." Id.
Distinguishing the outcomes in Redden, Goodballet, and Moyers
from the instant case is that, as in Lindsay, the trial court entries from which those appeals arose specifically first found that the defendant was not a sexual predator, then found that he was a sexually oriented offender. As noted, however, the entry pertaining to Burkey merely found that he was a sexually oriented offender. The trial court's failure to find explicitly that Burkey was not a sexual predator echoes the deficient trial court order in Cox. Further, the trial court's perfunctory surplusage regarding the sexually oriented offender classification, standing alone, cannot be regarded as permitting appellate review.
Under the statutory scheme, the following four ultimate determinations may be appealed in relation to a R.C. 2950.09
sexual offender classification hearing: (1) in instances where "the hearing is to determine whether the offender is a sexual predator, and if the court determines that the offender is not a sexual predator * * * but is a habitual sex offender" then "the offender may appeal the judge's determination that the offender is a habitual sex offender" if the trial court has imposed the community notification provisions of R.C. 2950.10 and 2950.11, R.C. 2950.09(C)(2)(b)(ii); (2) in instances where "the hearing is to determine whether the offender [is a habitual sex offender] and whether to impose a requirement that the offender be subject to the specified community notification provisions" then "the offender may appeal the judge's determination that the offender is a habitual sex offender" if the trial court has imposed the community notification provisions of R.C. 2950.10 and 2950.11, R.C. 2950.09(C)(2)(b)(iii); (3) in instances where "the court determined without a hearing that the offender [is a habitual sex offender] * * * and the hearing is solely to determine whether to impose a requirement that the offender be subject to the specified community notification provisions," then "the offender may appeal the judge's determination that the offender is a habitual sex offender" if the trial court has imposed the community notification provisions of R.C. 2950.10 and 2950.11, R.C.2950.09(C)(2)(b)(iv); and (4) in instances where "the hearing is to determine whether the offender is a sexual predator, and if the court determines by clear and convincing evidence that the offender is a sexual predator," then "[t]he offender and the prosecutor may appeal as a matter of right the judge's determination under this division as to whether the offender is, or is not, a sexual predator," R.C. 2950.09(C)(2)(b)(v). Notably, nothing in the statute provides for a right to appeal a classification as a sexually oriented offender. In fact, not only does R.C. 2950.09(C) not even contemplate such an appeal, but thestatute does not even provide for an offender being adjudicated asexually oriented offender by the trial court as part of a sexualoffender classification hearing.
Accordingly, because the trial court has failed to enter judgment on the issue of whether Burkey is a sexual predator or habitual sexual offender pursuant to a R.C. 2950.09 sexual offender classification hearing, and because an entry purporting simply to find an offender to be a sexually oriented offender exceeds the authority of the trial court under these circumstances, this Court is without jurisdiction in the instant appeal. The appeal is dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 __________________________ DONNA J. CARR
BATCHELDER, P.J., WHITMORE, J., CONCUR.
[1] The statement that the hearing was to determine whether Burkey should be adjudicated a sexually oriented offender shall be addressed momentarily and is not germane to the instant analysis.
[2] Subsequent to Smith, the Supreme Court of Ohio expressed its preference for referring to a R.C. Chapter 2950 hearing as a "sexual offender classification hearing" rather than as its previous designation as a "sexual predator determination hearing." See State v. Gowdy (2000), 88 Ohio St.3d 387, 388, fn. 1.