DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas. For the following reason, we conclude that we must dismiss the instant case for lack of a final, appealable order.
On December 22, 1998, appellants, David H. Moore and Antoinette M. Moore, filed a complaint against appellees, Donald E. Habegger and Wendy C. Habegger; Joseph Green; Douglas Coley and "John Does 1-10." Count One of the complaint sets forth a claim of assault against Green and Coley. Count Two contains a claim of negligence/wanton conduct against Donald Habegger, Wendy Habegger and John Doe Nos. 1 and 2 for failure to maintain adequate security in the apartment parking lot where Green and Coley physically accosted and kidnaped David Moore. Count Three alleges a claim for Wendy Habegger's loss of consortium. Appellants' prayer for relief requests a five million dollar judgment against all of the defendants, along with prejudgment interest, attorney fees and costs.
The docket sheet indicates that the Habeggers, Green and Coley were served with the complaint. Donald and Wendy Habegger answered and subsequently filed a motion for summary judgment. While Green and Coley never answered the complaint, appellants neither dismissed their claim against these defendants nor obtained a final judgment against them. On November 29, 1999, the trial court filed a judgment granting appellees' motion for summary judgment; that judgment does not include the phrase "no just cause for delay."
Civ.R. 54(B) provides:
 "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
The inclusion of "no just cause for delay" in a case where the court grants judgment on only one claim and/or grants judgment to only one party in a multiple party and/or multiple claim case is a mandatory requirement. Absent this language, the order is still subject to modification and cannot be either final or appealable.Noble v. Colwell (1989), 44 Ohio St.3d 92, 96.
In the present case, appellants assert multiple claims, assault and negligence (and the derivative claim of loss of consortium), and the case involves multiple parties. The summary judgment granted by the trial court disposes of the claims against only two of those parties. A claim against two other parties remains pending in the court below. The trial court did not make the express determination of, "no just cause for delay" in accordance with Civ.R. 54(B). Accordingly, this court must conclude that the grant of summary judgment in favor of Donald E. Habegger and Wendy C. Habegger is neither final nor appealable. We must sua sponte dismiss an appeal that is not from a final, appealable order. Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184,186. Therefore, this cause is ordered dismissed at appellants' costs.
James R. Sherck, J., Richard W. Knepper, P.J., Judges concur.
 ________________________ Melvin L. Resnick, J.