JOURNAL ENTRY AND OPINION
Appellate courts in Ohio have jurisdiction to review the final orders or judgments of inferior courts within their own district. Section3(B)(2), Article IV of the Ohio Constitution. It is well established that an order must be final and appealable before it can be reviewed by an appellate court. Gen. Acc. Ins. Co. v. Ins. Co. of N. America (1989),44 Ohio St.3d 17, 20, 540 N.E.2d 266. If an order is not final and appealable, then the appellate court does not possess the jurisdiction to review the matter, and the appellate court must dismiss it sua sponte. Whitaker-Merrell v. Geupel Constr. Co. (1972), 29 Ohio St.2d 184, 186,280 N.E.2d 922.
Further, when more than one claim for relief is presented in an action, as found in this instance, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. Civ.R. 54(B).
When, as in this case, a court renders a judgment resolving some but not all of the claims, leaving other claims unresolved, Civ.R. 54(B) applies, and the order from the trial court must comply with R.C. 2505.02
and Civ.R. 54(B) before an appellate court can review the judgment.
As there does not exist the 54(B) language in any of the trial court's journal entries, and as there still exist active claims by active plaintiffs, it is with regret that we may not address the issues presented upon appeal since we hold that this court does not have subject matter jurisdiction over this matter. This appeal does not come from a final appealable order.
Appellant's appeal is dismissed for lack of a final appealable order.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________ FRANK D. CELEBREZZE, JR., J.:
MICHAEL J. CORRIGAN, J., CONCURS, DIANE KARPINSKI, A.J., DISSENTS. (SEPARATE DISSENTING OPINION ATTACHED)