OPINION
Defendant-appellant David M. Untied appeals from his convictions and sentences from the Muskingum County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On May 1, 1996, defendant-appellant David M. Untied [hereinafter appellant] was indicted on three counts of theft by deception, in violation of R.C. 2913.02(A)(3). Appellant was arraigned on May 8, 1996, and released on his own recognizance.
Following various and multiple motions and continuances and an appeal to this court, followed by an appeal to the Ohio Supreme Court[1], the matter came to trial. Upon appellant's motion, the trial court severed the charge in Count Three from the charges in Counts One and Two. Count Three of the indictment was tried to a jury on November 8 and 9, 2000. The jury returned a verdict of guilty on November 9, 2000. Counts One and Two were tried to a jury on February 21 through February 23, 2001. On February 23, 2001, the jury returned a verdict of guilty on both counts.
On February 23, 2001, the trial court proceeded with sentencing on all three counts.
The trial court sentenced appellant to a determinate sentence of two years in prison on Count One, a determinate sentence of two years in prison on Count Two and a determinate sentence of one year in prison on Count Three. The trial court ordered that the sentences be served consecutive to each other, for a total sentence of five years.
On March 5, 2001, appellant filed a Motion for a New Trial and a Motion to Arrest Judgment. Subsequently, on that same day, appellant filed a Notice of Appeal.
On March 8, 2001, the State filed a "Motion to Dismiss Appellant's Motion for New Trial, Motion to Arrest Judgment and Notice of Appeal." The State claimed that appellant's handwritten motions were illegible denying the State the ability to respond. On March 21, 2001, appellant filed an Amended Motion to Arrest Judgment.
On March 22, 2001, the trial court issued a Judgment Entry that granted appellant twenty days to file an amended motion for new trial and gave the State ten days to respond. On April 10, 2001, appellant filed an Amended Motion for New Trial. The Amended Motion for New Trial was typewritten.
It is from his convictions and sentences that appellant appeals, raising the following assignments of error:
 THE TRIAL COURT LACKED JURISDICTION AND THE INDICTMENT CONTAINED FATAL ERRORS WHICH VIOLATED THE APPELLANT'S RIGHTS GUARANTEED TO HIM UNDER THE FIFTH AND SIXTH AMENDMENTS UNDER THE CONSTITUTION OF THE UNITED STATES AND STATE CORRESPONDING CONSTITUTIONAL PROVISIONS.
 THE COURT IMPROPERLY TRIED TWO SEPARATE TRIALS UNDER THE SAME CASE NUMBER.
 THE APPELLANT WAS NOT BROUGHT TO TRIAL WITHIN THE SPEEDY TRIAL LIMIT.
 JUDGE CHARLES F. KNAPP AND PROSECUTOR D. MICHAEL HADDOX MUST HAVE RECUSED THEMSELVES FROM THE CASE AND NOT PROCEEDED TO TRIAL AGAINST THE APPELLANT.
 IN CASE NUMBER CR96-0066A THE TRIAL COURT ERRERED [SIC] BY DENYING THE APPELLANT'S CONTINUANCE VIOLATING THE APPELLANT'S DUE PROCESS RIGHTS.
 THE COURT ERRERED [SIC] BY NOT ALLOWING DEFENSE EXHIBIT "A" INTO EVIDENCE AND THEN DENYING THE JURY'S REQUEST FOR SAID EVIDENCE WHICH DENIED THE APPELLANT A FAIR TRIAL IN CASE NUMBER CR96-0066A.
 IN CASE NUMBER CR96-0066A, THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE AND WAS BASED ON INSUFFICIENT EVIDENCE TO SUPPORT A JURY VERDICT.
 THE TRIAL COURT ERRORED [SIC] IN CASE NUMBER CR96-0066A BY ALLOWING PROSECUTORIAL MISCONDUCT BY INTIMIDATING A DEFENSE WITNESS AND BY STATEMENTS MADE IN CLOSING ARGUMENTS.
 THE TRIAL COURT ERRERED [SIC] IN CASE NUMBER CR96-0066A BY NOT GRANTING THE APPELLANT A NEW TRIAL.
 IN CASE NUMBER CR96-0066B, THE COURT ERRERED [SIC] BY NOT ALLOWING THE DEFENSE TO OBTAIN REBUTTAL WITNESSES IN VIOLATION OF THE APPELLANT'S CONSTITUTIONAL RIGHTS.
 IN CASE NUMBER CR96-0066B, THE COURT LACKED JURISDICTION BECAUSE O.R.C. 2923.02 CANNOT BE USED TO IMPAIR A CONTRACT.
 IN CASE NUMBER CR96-0066B, THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE AND WAS BASED ON INSUFFICIENT TO SUPPORT A JURY VERDICT.
We have a duty to sua sponte consider whether the entry from which this appeal is taken constitutes a final appealable order. Whitaker-Merrell v.Geupel Constr. Co. (1972), 29 Ohio St.2d 184. Pursuant to a review of the record, we hold that this appeal must be dismissed as premature.
The Ohio courts of appeal have jurisdiction to review the final orders or judgments of inferior courts within their district. See Section3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. A final order is one which affects a substantial right and, in effect, determines the action. R.C. 2505.02.
In the case sub judice, the trial court did not rule upon appellant's Motion for New Trial, made pursuant to Crim.R. 33, or appellant's Motion to Arrest Judgment, made pursuant to Crim.R. 34. Therefore, these motions remain undetermined in the trial court. Accordingly, this is not a final appealable order. State v. Rhoden (Aug. 19, 1996), Pike App. No. 95CA562; State v. Metz (Nov. 20, 1995), Washington App. No. 93CA18, unreported; State v. Miller (Jan. 11, 1995), Washington App. No. 93CA38, unreported.
An appeal is taken by filing a notice of appeal with the clerk of the trial court within the prescribed time. App.R. 3(A). The time limit is ordinarily thirty days. App.R. 4(A).[2] However, if a criminal defendant files a Crim.R. 33 motion for new trial or a Crim.R. 34 motion for arrest of judgment, the time for filing a notice of appeal does not begin to run until an order denying the Crim.R. 33 or Crim.R. 34 motion is entered. App.R. 4(B)(3).[3] Therefore, the appeal time never began to run and the notice of appeal did not invoke the jurisdiction of this court. State v. Rhoden, supra; State v. Metz, supra; State v. Miller,supra. Since the record before this reflects that the trial court has yet to rule upon appellant's Motion for New Trial and Motion to Arrest Judgment, we have no jurisdiction to review the matter until the trial court resolves the motions for new trial and to arrest judgment and a proper appeal is taken. State v. Poe (Nov. 5, 1999), Jackson App. No. 99 CA 843, unreported. Further, we note that once the appellant filed the notice of appeal, appellant took away the trial court's jurisdiction to rule on the Motions for New Trial and to Arrest Judgment. See State v.Williams (Oct. 22, 2001), Licking App. No. 01CA51, 01CA62, unreported.
If, subsequently, the trial court journalizes an entry denying appellant's Crim.R. 33 and Crim.R. 34 motions and an appeal is then taken, the parties may request by written motion that this court resolve the matter on the briefs previously submitted.
Therefore, based on the foregoing, the appellant's appeal is hereby dismissed.
By EDWARDS, J., GWIN, P.J. and WISE, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the within appeal is dismissed and this case is remanded back to the trial court for further proceedings. Costs to appellant.
[1] Our statement of the facts and case is limited to matters and issues relative to our disposition of this case.
[2] "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." App.R. 4(A).
[3] "The following are exceptions to the appeal time period in division (A) of this rule:
. . .
 (3) Criminal post-judgment motion. In a criminal case, if a party timely files a motion for arrest of judgment or a new trial for a reason other than newly discovered evidence, the time for filing a notice of appeal begins to run when the order denying the motion is entered. A motion for a new trial on the ground of newly discovered evidence made within the time for filing a motion for a new trial on other grounds extends the time for filing a notice of appeal from a judgment of conviction in the same manner as a motion on other grounds. If made after the expiration of the time for filing a motion on other grounds, the motion on the ground of newly discovered evidence does not extend the time for filing a notice of appeal." App.R. 4(B)(3).