[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In March 2000, defendant-appellant Susan Pollock filed a complaint against defendants-appellees Jill Vollman, Anthony Brigano, and Fritz Byers. Vollman and Byers are private attorneys who represented two media personnel in separate defamation lawsuits filed by Pollock. Brigano is the warden of Warren Correctional Institution, where Pollock is an inmate. Brigano presented testimony in an affidavit about Pollock's criminal record at the correctional institution. Both Vollman and Byers used the affidavit when representing their clients in the defamation suits. In her complaint, Pollock alleged that, by producing and using Brigano's affidavit, Vollman, Brigano, and Byers had (1) violated Pollock's right to access to the courts as guaranteed by the First andFourteenth Amendments to the United States Constitution, (2) violated her civil rights, (3) obstructed official business, (4) committed perjury, (5) committed tortious interference with civil litigation, and (6) committed corruptive activity in violation of state and federal Racketeer Influenced and Corrupt Organizations ("RICO") statutes. In addition, Pollock asserted a claim against Brigano individually for falsification and a claim against Vollman and Byers for tampering with evidence. Pollock subsequently filed a motion to compel discovery and a motion to supplement the complaint to include allegations of continued unconstitutional acts against her by Brigano.
In January 2001, Vollman, Brigano, and Byers separately moved for summary judgment. In support of his motion for summary judgment, Brigano asserted that Pollock's allegations sounded in state law, and that, because he was a state employee, the Court of Claims had jurisdiction to determine whether he was immune under R.C. 9.86 and 2743.02 from the state-law claims. In support of their motions for summary judgment, Vollman and Byers individually asserted the following basic arguments: (1) Pollock could not assert a civil rights claim against them because they were not state actors; (2) Pollock could not assert a right to access to courts because those actions usually involve a state actor; (3) Pollock could not assert private claims for obstructing official business, perjury, or tampering with evidence because those allegations arose from criminal law; (4) Pollock had failed to provide factual evidence demonstrating that they had committed spoliation or tortious interference with her defamation action; and (5) Pollock could not support the RICO claims against them.
On January 29, 2001, Pollock filed a motion for an extension of time to respond to the motions for summary judgment. On March 19, 2001, the trial court denied Pollock's motions to compel discovery, to supplement the complaint, and to extend time, and granted summary judgment for Vollman, Brigano, and Byers. In granting summary judgment for Brigano on the state claims, the trial court determined that Brigano was an employee of the Ohio Department of Rehabilitation and was subject to the immunity provisions listed in R.C. 9.86. The court found that, pursuant to R.C.2743.02, the Court of Claims had exclusive, original jurisdiction to make the initial findings regarding whether Brigano's conduct fell within the scope of the immunity provided by R.C. 9.86. The court reasoned that, because Pollock had not obtained such a determination from the Court of Claims, Brigano was entitled to summary judgment on his state claims. In granting summary judgment to Vollman and Byers, the court held that the federal and state claims against them alleging violations of Pollock's right to access to courts and her civil rights, obstruction of official business, perjury, tampering with evidence, tortious interference with civil litigation, and corruption as proscribed under state and federal RICO statutes either were unsubstantiated by the record or were not causes of action.
Pollock has filed a timely notice of appeal in which she asserts six assignments of error. After due consideration, we find that we lack jurisdiction over this appeal.
R.C. 2505.02 confers upon appellate courts jurisdiction over "final order[s]."[1] An order is "final" if it "affects a substantial right in an action that in effect determines the action and prevents a judgment."[2]
This case involves multiple claims and multiple parties. When, as here, the trial court enters judgment as to fewer than all of the claims or all of the parties in a multi-claim, multi-party case, this court has no jurisdiction to entertain an appeal from that judgment in the absence of the trial court's clarification, pursuant to CivR. 54(B), that "there is no just reason for delay." Civ.R. 54(B) certification cannot transform a nonfinal order into an appealable order, but it can render appealable a final order entered in a single action involving multiple claims or parties and adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties.[3] Without this certification, an order adjudicating fewer than all the claims does not terminate the action as to any of the claims or any of the parties.[4]
Here, the judgment being appealed constitutes a "final order" as to the state claims against Brigano and the state and federal claims against Vollman and Byers. But it neither disposes of the federal claims against Brigano nor contains the trial court's Civ.R. 54(B) certification that "there is no just reason for delay." In his complaint, Pollock raised three federal claims against Brigano, relating to access to courts, her civil rights, and RICO. The court's analysis only applied to the state claims.[5] The immunity statute, R.C. 9.86, applied by the court only operates to defeat state claims.[6] For the purposes of a federal claim, immunity is a question of federal law.[7] Because the entry granting summary judgment did not resolve the federal claims against Brigano, and the trial court did not certify as to the resolved claims that there was no just reason for delay, the entry granting summary judgment was not appealable by any of the parties. Accordingly, we dismiss this appeal.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] See Wisintainer v. Elcen Power Strut Co., 67 Ohio St.3d 352,354, 1993-Ohio-120, 617 N.E.2d 1136.
[2] See R.C. 2505.02(B)(1).
[3] See Cooperman v. Univ. Surgical Assoc. (1987), 32 Ohio St.3d 191,198, 513 N.E.2d 288 (superceded by statute on other grounds.)
[4] See Whitaker-Merrel v. Guepel Const. Co. (1972), 29 Ohio St.2d 184,280 N.E.2d 922, syllabus.
[5] We note that, when a civil action is asserted against an officer or employee acting in his official capacity, the Court of Claims has exclusive and original jurisdiction pursuant to R.C. 2743.02 to determine whether an officer or employee is entitled to immunity under R.C. 9.86. Only after the Court of Claims determines that the state employee or officer is not entitled to immunity because he acted outside the scope of his official business or acted with malicious purpose, in bad faith, or in a wanton or reckless manner, may the plaintiff bring an action against the employee in a court of common pleas. See Conley v. Shearer,64 Ohio St.3d 284, 288, 1992-Ohio-133, 595 N.E.2d 862. As a result, it appears from the record, that the trial court lacked jurisdiction to make a determination about Brigano's immunity regarding the state law claims.
[6] See Conley v. Shearer, supra, at 292.
[7] See Cooperman v. Univ. Surgical Assoc., supra, at 198.