OPINION
{¶ 1} Plaintiff-appellant Barbara Roberts appeals from the January 4, 2002, Judgment Entry of the Stark County Court of Common Pleas that granted defendant-appellee K-Mart Corporation's motion to vacate a prior grant of default judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 13, 2001, plaintiff-appellant Barbara Roberts [hereinafter appellant] filed a Complaint against defendant-appellee K-Mart Corporation [hereinafter appellee] in the Stark County Court of Common Pleas. The Complaint raised claims of negligence and personal injury. Appellee failed to answer the Complaint.
 {¶ 3} On October 17, 2001, appellant filed a Motion for Default Judgment. On November 1, 2001, the Stark County Court of Common Pleas granted appellant's Motion for Default Judgment. However, the trial court did not determine damages in that Judgment Entry, but set a hearing on damages for a future date.
 {¶ 4} Prior to the hearing on damages, on November 19, 2001, appellee filed a Motion to Vacate the order granting the motion for default judgment and to grant appellee leave to file an Answer instanter. On January 4, 2002, the trial court granted appellee's motion to vacate and granted appellee leave to file an Answer instanter.
 {¶ 5} It is from the trial court's January 4, 2002, Judgment Entry that appellant appeals, raising the following assignment of error:
 {¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE ACTIONS OF DEFENDANT CONSTITUTED MISTAKE AND EXCUSABLE NEGLECT WITHIN THE MEANING OF CIVIL RULE60(B)(1) AND IN VACATING THE ORDER GRANTING PLAINTIFF DEFAULT JUDGMENT."
 {¶ 7} Although not raised by the parties, we must address the threshold jurisdictional question of whether the judgment appealed from is a final, appealable order. Ohio law provides that appellate courts have jurisdiction to review only the final orders or judgments of inferior courts in their district. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. If the parties involved with the appeal do not raise this jurisdictional issue, then we must raise it sua sponte. See Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184,186, 280 N.E.2d 922, 924.
 {¶ 8} Generally, the grant of a motion to vacate a judgment is final and appealable pursuant to R.C. 2505.02(B)(3), which states the following: "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is . . . [a]n order that vacates or sets aside a judgment or grants a new trial." However, for a judgment vacating a judgment to be final appealable, the judgment being vacated must have been final appealable. If the judgment that was vacated was not itself a final appealable order, the judgment vacating it is not final appealable either. Baumeister Family Trust v.Jackson Properties, Ltd. (Oct. 18, 2001), Erie App. No. E-01-29, 2001 WL 1308030; Jones v. Robinson (Jan. 7, 2000), Montgomery App. No. 17914, 2000 WL 5930.
 {¶ 9} In this case, we find the underlying judgment being vacated (the grant of default judgment) was not a final appealable order. The trial court granted a default judgment but continued the matter for damages. There must be a determination of damages before a default judgment constitutes a final appealable order. Jones v. Robinson, supra; See, generally, Collins v. Moran, Mahoning App. No. 01-CA-127, 2002-Ohio-1536. Since the trial court has not determined damages, the grant of a default judgment was not a final appealable order. Therefore, the judgment entry vacating the default judgment is not a final appealable order either. In accord, Jones v. Robinson, supra. Absent a final appealable order, this court does not have jurisdiction and the appeal must be dismissed.
 {¶ 10} Based on the foregoing, the appellant's appeal is hereby dismissed.
By Edwards, J., Gwin, P.J. and Wise, J. concur.