ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel.
 {¶ 2} Plaintiff-appellee, Mapletown Foods, Inc. is the tenant pursuant to a lease it entered into with defendant-appellant, Mid-America Management Corporation on February 2, 1990. Mapletown's complaint, filed July 22, 2004, sought a declaratory judgment regarding the terms of the percentage rent provision of the parties' lease agreement. Mid-America answered and counterclaimed for unpaid rent. The parties stipulated to the case being heard on briefs.
 {¶ 3} The parties submitted merits briefs to the court on May 24 and 25, 2005. On June 28, 2005, the court entered the following order:
 {¶ 4} "By agreement of the parties the within action was submitted to the court for a dispositive ruling on the briefs. On plaintiff's complaint for declaratory judgment the court finds that only commissions on liquor and lottery sales are to be used to calculate the percentage of rent payments. On defendant's counterclaim the court directs, that based on the ruling for declaratory judgment above, the parties are to recalculate any outstanding amounts which may be due to defendant for percentage rent payments under the lease agreement.
 {¶ 5} "Court cost assessed as each their own."
 {¶ 6} The trial court's judgment entry does not finally dispose of Mid-America's counterclaim. The court's directive that the parties recalculate the percentage rent due to Mid-America clearly contemplates that additional action will be taken in the future.
 {¶ 7} Civil Rule 54(B) provides that, "[i]n the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties." The trial court's order neither adjudicates all the claims of all the parties nor determines that there is no just reason for delaying an appeal of the declaratory judgment portion of its decision. Accordingly, the trial court's order is not an appealable order. Chef Italiano Corp. v. Kent State Univ.
(1989), 44 Ohio St.3d 86, 89 (citing Whitaker-Merrell Co. v.Geupel Co. (1972), 29 Ohio St. 2d 184, syllabus).
Dismissed.
This cause is dismissed.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., P.J. and Corrigan, J. concur.