DECISION AND JOURNAL ENTRY
Appellant-defendant Alan M. Worstell appeals from the denial of his motion to withdraw a guilty plea and from his adjudication as a sexually oriented offender in the Lorain County Court of Common Pleas. This Court affirms the denial of the motion to withdraw and dismisses the appeal of Worstell's sexually oriented offender adjudication for lack of a final appealable order.
On February 2, 1992, the court of common pleas sentenced Worstell to one year incarceration for corruption of a minor, a violation of R.C. 2907.04(A). This sentence was to be served concurrently to another sentence that Worstell was already serving. Thereafter, while still incarcerated, Worstell received notice in November 1998 that the trial court had scheduled a sexual offender classification hearing pursuant to R.C. Chapter 2950.
Worstell responded by filing a March 8, 1999 motion to dismiss and a March 22, 1999 motion to withdraw his guilty plea. On March 24, 1999, the trial court denied Worstell's motion to withdraw the guilty plea. Worstell timely appealed this denial to this Court in App. No. 99CA007345. The sexual offender classification hearing was then held, and on April 27, 1999, the trial court journalized an entry in which it purported to classify Worstell as a sexually oriented offender. Worstell also appealed this latter order in App. No. 99CA007368.
Two procedural issues must first be addressed before turning to the substance of Worstell's appeals. First, prior to the scheduled oral argument dates, Worstell's two appeals were not consolidated. However, the events surrounding Worstell's motion to withdraw his guilty plea and the subsequent order related to his classification as a sexually oriented offender both arise from generally related proceedings in the trial court below. As such, despite the fact that neither appeal was consolidated, the parties have proceeded as if consolidation had occurred. The appellate briefs, for example, list both appellate case numbers and contain assignments of errors related to both appeals. Accordingly, in order to provide a more cohesive structure to this Court's disposition of the matters before us, App. Nos. 99CA007345 and 99CA007368 are hereby consolidated pursuant to App.R. 3(B).
Second, Worstell's combined brief presents a unique issue. The cover page of the October 19, 1999 brief lists both appellate cases in its caption. The interior of the brief then sets forth three assignments of error:
Assignment of Error No. I
 THE TRIAL COURT ERRED WHEN IT DID NOT PERMIT APPELLANT TO WITHDRAW HIS GUILTY PLEA.
Assignment of Error No. II
 THE PROCEEDINGS TO DETERMINE WHETHER APPELLANT IS A SEXUAL PREDATOR IS [sic] UNCONSTITUTIONAL.
Assignment of Error No. III
PRO S.E. ASSIGNMENTS OF ERROR SET FORTH BY APPELLANT.
Complicating this Court's approach to the brief is that the third assignment of error is apparently intended to reference that portion of the text beginning on what is hand-numbered as page seventeen of the brief. Page seventeen, however, is a second cover page to what appears to have been a separate brief for use in App. No. 99CA007345 only. This brief-within-a-brief contains a separate table of contents, table of authorities, two assignments of error concerning the denial of Worstell's motion to withdraw his guilty plea, and ten pages of argument related to the assigned errors. On hand-numbered page thirty, the brief-within-a-brief is signed as submitted by Worstell, proceeding pro se. Following this page is a copy of the March 1999 denial of his motion, followed by a second conclusion detailing the relief requested; this last page is hand-numbered as page thirty-two and is signed by Worstell's appellate counsel.
This is not the first time that counsel for appellant has presented this Court with a patchwork brief containing both incorporated arguments drafted by an appellant and attachments included in the body of the brief, often without explanation, and often accompanied by abbreviated arguments drafted by counsel. While this Court cannot say that such practice has failed to present this Court with the basic substance of those arguments Worstell wishes to set forth in the instant appeals, a cautionary note is in order. Attorneys should remain cognizant that this Court's patience is finite and that such practice shall be afforded the continuing, careful scrutiny that this Court exercises in order to ensure that members of the bar do not fall short of their duty to provide their clients with able and competent representation — rather than incomplete advocacy propped up by a dubious assemblage of material. Therefore, although Worstell's lengthy assignments of error are not reproduced in full herein, the substance of his arguments are encompassed in those assigned errors that have been reproduced and shall be considered fully incorporated.
Turning to the issue of whether the trial court erred in denying Worstell's motion to withdraw his guilty plea, this Court finds no error. This is so for two reasons. First, this Court has previously held that because the registration and notification provisions of R.C. Chapter 2950 are collateral consequences and not punishment, Crim.R. 11 does not require that a trial court inform a defendant of their existence at the time of a plea agreement entered into prior to the new statutory scheme having been adopted; therefore, the statutory scheme does not operate to void any such prior plea agreement. See State v. DeAngelo (Mar. 10, 1999), Lorain App. No. 97CA006902, unreported. Second, Worstell failed to satisfy the threshold prerequisites for consideration of his motion to withdraw his guilty plea.
The Supreme Court of Ohio has held:
 Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.
 State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. This Court has previously applied Reynolds in holding that a motion to withdraw a plea of guilty filed after the time for direct appeal that seeks vacation of a conviction and sentence on a claimed violation of a defendant's constitutional rights must be construed as a petition for postconviction relief. State v. Lewis (Feb. 9, 1999), Lorain App. No. 98CA007007, unreported; State v. Shie (July 23, 1997), Wayne App. No. 96CA0073, unreported. A claim that a guilty plea was neither knowing nor voluntary is predicated upon constitutional violations. State v. White (Sept. 8, 1999), Lorain App. No. 98CA007036, unreported. Therefore, Worstell's motion to withdraw his guilty plea must be construed as a petition for postconviction relief.
Worstell filed what constitutes his postconviction relief petition on March 22, 1999. He had previously been sentenced on February 7, 1992. Pursuant to R.C. 2953.21(A)(2), in cases in which no direct appeal of the conviction has occurred, a postconviction relief "petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." Worstell's petition clearly fell outside this time period. Such an untimely petition for postconviction relief is governed by R.C. 2953.23(A), which provides:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
As with the defendants in White, Lewis, and Shie, Worstell has failed to satisfy the criteria under R.C. 2953.23(A) permitting consideration of his petition for relief. Although he complained that his guilty plea was involuntary, Worstell did not even attempt to show by clear and convincing evidence that, but for the alleged constitutional error, a reasonable factfinder would have found him innocent of the charges to which he pleaded guilty. As such, he failed to satisfy R.C. 2953.23(A)(2).[1] Accordingly, the trial court was precluded from addressing Worstell's petition on its merits. See R.C. 2953.23(A).
In regard to Worstell's arguments related to the constitutionality of R.C. Chapter 2950, this Court notes at the outset that the constitutionality of that portion of the Ohio Revised Code has been settled in favor of the state. SeeDeAngelo, supra. However, such a finding of constitutionality is not dispositive of Worstell's appeal. Rather, because an appellate court is required to raise jurisdictional issues involving final appealable orders sua sponte, this Court must do so and dismiss Worstell's appeal in App. No. 99CA007368 for lack of a final appealable order. See In re Murray (1990), 52 Ohio St.3d 155,160, fn. 2; Whitaker-Merrell v. Geupel Co. (1972),29 Ohio St.2d 184, 186.
Contrary to Worstell's representations on appeal, the trial court did not find him to be a habitual sex offender in its April 27, 1999 entry. That entry, in fact, made no mention of that classification at all, but merely stated in relevant part that "The Court held a contested evidentiary hearing and finds that the Defendant is a sexually oriented offender." Such a "finding" fails to confer jurisdiction upon this Court. This Court has previously explained that in instances where a trial court fails to enter judgment on whether a defendant is a sexual predator or habitual sexual offender pursuant to a R.C. 2950.09 sexual offender classification hearing, but instead issues an entry purporting simply to find an offender to be a sexually oriented offender, the trial court has exceeded its authority and has failed to render a final appealable order that invokes the jurisdiction of this Court. State v. Burkey (June 7, 2000), Summit App. No. 19741, unreported.
Accordingly, the judgement of the court of common pleas in App. No. 99CA007345 is affirmed, while App. No. 99CA007368 is dismissed for lack of jurisdiction.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT BAIRD, P.J.
[1] Because Worstell's failure to satisfy R.C. 2953.23(A)(2) is dispositive of this appeal, this Court need not address whether Worstell also failed to satisfy R.C. 2953.23(A)(1).