OPINION
Appellant, Reginald Taylor, comes before us on an appeal of a decision of the Youngstown Municipal Court in which he was found guilty of driving under suspension in violation of R.C. § 4507.02(D). While Appellant's counsel has filed a no-merit brief and has moved to withdraw as counsel, for the following reasons, we must deny counsel's motion and dismiss the instant appeal, remanding it to the trial court for further proceedings in accordance with our decision.
Based on the record, it would appear that on October 11, 2000, Appellant was cited for three traffic violations: 1) driving while under a license suspension; 2) failure to wear a seatbelt in violation of R.C. § 337.27; and 3) weaving in and out of the marked lanes in violation of R.C. § 331.34. At his arraignment in November he pleaded not guilty, however, there is a journal entry dated January 17, 2001, noting that Appellant and the state had reached a Crim.R. 11 plea agreement. While there are some other indicators in the file that two of the three counts against Appellant were dismissed, there is no formal notation as to Appellant's plea on the remaining charge, driving while under suspension. It is to be assumed, however, that some plea was entered January 17, 2001, on the date of trial and that Appellant was found guilty of this charge, but the finding of guilt is only apparent from the fact that Appellant was sentenced to 180 days in jail with 90 days suspended and a five-year probationary period with one year of reporting.
On appeal, counsel has filed a brief in which he essentially says that Appellant has no meritorious arguments for this appeal. We have discussed such briefs numerous times in the past. In State v. Short (Nov. 24, 1997), 7th Dist. No. 96-CO-49, this Court held:
"It is well settled that an attorney appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw upon a showing that the appellant's claims have no merit. See, generally, Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493; State v. Toney (1970), 23 Ohio App.2d 203,262 N.E.2d 419. To support such a request, appellate counsel must undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support the appeal. Id. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous." Id.
In Toney, supra, we set forth the procedure to be used when counsel of record determines that a defendant's appeal is frivolous:
"* * *
"3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
"4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses,pro se.
"5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
"6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.
"7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed."
Appellant's court-appointed counsel has filed a brief stating he has examined the record and has found no matters which could arguably support an appeal. Counsel's conclusions have been transmitted to Appellant and he was granted time to raise any assignments of error, pro se. Appellant has failed to respond. Our review of the record, however, reveals that there is an issue which must be raised.
As a preliminary matter to any appeal, we are required to review jurisdictional issues involving final appealable orders sua sponte. If we find that we lack jurisdiction, we must dismiss the appeal. See In reMurray (1990), 52 Ohio St.3d 155, 160 at fn. 2, 556 N.E.2d 1169;Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186,280 N.E.2d 922.
Crim.R. 32(C) states:
 "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
In the case under review, the Youngstown Municipal Court used the case file envelope, which is about the same size as a Uniform Traffic Ticket, as its journal. The case file envelope has printed on it in bold letters the words "JOURNAL ENTRY." As the trial court has clearly identified the case file envelope as its journal entry, our first task as a reviewing court is to determine whether the journal entry constitutes a final order pursuant to Crim.R. 32(C). While the court has not chosen the preferred manner of docketing, it is the content of the trial court's journal entries which we are called upon to review.
As earlier discussed, there is a journal entry on January 17, 2001, noting that there was a Crim.R. 11 plea agreement pending. Although there are vague indications in the record that two of the three counts against Appellant were dropped, there is no indication in the record as to how Appellant pleaded to the remaining charge, driving while under suspension. Also, although it is obvious that the trial court found Appellant guilty of this remaining charge (because a sentence for that charge was imposed), Crim.R. 32(C) requires that the verdict itself be recorded in the court's journal. Without the journalization of this information, there is no judgment of conviction pursuant to Crim.R. 32(C), and therefore, no final appealable order. A court of appeals is limited to reviewing final appealable orders as defined by statute. ChefItaliano Corp. v. Kent State University (1989), 44 Ohio St.3d 86,541 N.E.2d 64, syllabus; R.C. § 2953.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed. Davison v. Rini (1996),115 Ohio App.3d 688, 692, 686 N.E.2d 278.
Procedurally, we must point out that simply because we must dismiss this appeal does not mean that Appellant can never appeal his conviction if he so desires. Sup.R. 7(A) requires the trial court to journalize its judgment within thirty days. If no journalized entry is forthcoming after this case is remanded to the trial court, "either party to an action may file a writ of mandamus or a writ of procedendo in an appellate court to compel the trial court to journalize its judgment if the court fails to do so within the thirty-day period mandated by Sup.R. 7. The judgment would then become a final appealable order on the date of journalization, no matter how delayed." Cleveland v. Trzebuckowski
(1999), 85 Ohio St.3d 524, 527, 709 N.E.2d 1148.
Donofrio, J., concurs.
DeGenaro, J., concurs.