DECISION AND JUDGMENT ENTRY
{¶ 1} State Automobile Insurance Company (State Auto) appeals the trial court's judgment awarding James Ragland, Administrator of the Estate of Angela Ragland, deceased; James Ragland, Guardian and Next of Friend of Haley Brooke Webb, a minor; and James Ragland, Guardian and Next of Friend of Anthony Bryce Webb, a minor, $310,000 in underinsured motorists coverage under two automobile liability insurance policies. It asserts that it mistakenly agreed to settle the case for $310,000. State Auto notes that its policies contain "other insurance" provisions and that appellees received $50,000 from the tortfeasor's carrier. It argues that under the "other insurance" provision, the most it could have offered as a settlement was $210,000. Because we find that the trial court's judgment is not a final, appealable order, we dismiss the appeal.
 {¶ 2} On September 25, 2004, Angela Ragland suffered injuries that proved to be fatal in an automobile accident that Travis Ritenour caused. Ritenour had an automobile liability policy that carried liability limits of $50,000 per person and $100,000 per accident. Angela carried her own policy with State Auto. She also sought coverage under her mother's policy with State Auto. Ritenour's carrier agreed to pay the policy limits, plus the medical payments coverage. Appellees apparently settled their claims with Ritenour, but the trial court record does not contain any entry dismissing those claims.
 {¶ 3} Subsequently, State Auto agreed to settle the case. On March 24, 2006, State Auto faxed a letter confirming the settlement of the case for the policy limits of the two policies for a total of $350,000, with a $50,000 offset due to the payment from the tortfeasor's carrier, plus $10,000 for medical payments. On March 30, 2006, State Auto's counsel advised appellees' counsel that the settlement "was off." The court then scheduled a hearing on the matter. State Auto asserted that it made a mistake regarding coverage amounts.
 {¶ 4} On May 5, 2006, the trial court found the settlement agreement enforceable. The court noted the existence of the "other insurance" provision but determined that it "did not become an issue because it would appear that [State Auto] waived its provision." State Auto timely appealed the trial court's judgment.
 {¶ 5} State Auto raises the following assignment of error:
 {¶ 6} "THE TRIAL COURT ERRED IN AWARDING THE PLAINTIFF-APPELLEES THE AMOUNT OF $310,000. SAID AMOUNT BEING IN EXCESS OF THE INSURANCE POLICY LIMITS AVAILABLE TO THEM UNDER THE TWO APPLICABLE POLICIES."
 {¶ 7} Before we may address State Auto's assignment of error, we first must address a threshold jurisdictional issue. Ohio appellate courts have jurisdiction to review the final orders of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. A final, appealable order is one that affects a substantial right and determines the action. R.C. 2505.02(B)(1). If a judgment is not final and appealable, an appellate court does not have jurisdiction to review the judgment and we must dismiss the appeal. See, e.g., Mortgage. Electronic Registrations Sys. v. Mullins,161 Ohio App.3d 12, 829 NE.2d 326, 2005-Ohio-2303, at ¶ 17. In the event that the parties to the appeal do not raise this jurisdictional issue, we must raise it sua sponte. See Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 541 N.E.2d 64, syllabus; Whitaker-Merrell v.Geupel Co. (1972), 29 Ohio St.2d 184, 186, 280 N.E.2d 922.
 {¶ 8} "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." State ex rel. Scruggs v. Sadler, 97 Ohio St.3d 78, 2002-Ohio-5315,776 N.E.2d 101, at ¶ 5, citing Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus. Civ.R. 54(B) requires a court to expressly determine "that there is no just reason for delay" before an order adjudicating fewer than all the claims or the rights of fewer than all the parties becomes final and appealable. The rule states:
 When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
"Civ.R. 54(B) must be followed when a case involves multiple claims or multiple parties." Scruggs, at ¶ 8, citing State ex rel. A D Ltd.Partnership v. Keefe (1996), 77 Ohio St.3d 50, 56, 671 N.E.2d 13. When an action includes multiple claims or parties and an order disposes of fewer than all of the claims or rights and liabilities of fewer than all of the parties without certifying under Civ.R. 54(B) that there is no just cause for delay, the order is not final and appealable. Jarrett v.Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77, 486 N.E.2d 99, syllabus.
 {¶ 9} In the case at bar, appellees filed a complaint against multiple parties, including State Auto and the tortfeasor, Ritenour. While appellees obviously settled their claims against Ritenour, the trial court record does not contain any entry dismissing appellees' claims against Ritenour. Thus, the claims technically remain pending, which prevents the trial court's judgment from being appealed, in the absence of Civ.R. 54(B) certification. The failure of the court to certify pursuant to Civ.R. 54(B) that there is "no just reason for delay" precludes this court from exercising jurisdiction. See Whitaker MerrellCo. v. Geupel Construction Co., Inc. (1972), 29 Ohio St.2d 184,280 N.E.2d 922.
 {¶ 10} Accordingly, based upon the foregoing reasons, we dismiss the appeal.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that the Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. concurs in Judgment and Opinion.
 Harsha, J. concurs in Judgment Only. *Page 1