[Cite as *In re Estate of DeChellis*, 2019-Ohio-1730.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN RE: ESTATE OF PHILIP JOHN DECHELLIS | : | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | Case No. 2018CA00114 |
|  | : |  |
|  | : |  |
|  | : | OPINION |

CHARACTER OF PROCEEDING:   Civil appeal from the Stark County Court of Common Pleas, Probate Division,  Case No. 226759

JUDGMENT:   Dismissed

DATE OF JUDGMENT ENTRY:   May 6, 2019

APPEARANCES:

For Plaintiff-Appellant

CRAIG CONLEY
604 Huntington Plaza
220 Market Avenue South
Canton, OH  44702

For Defendant-Appellee

STANLEY RUBIN
437 Market Avenue North
Canton, OH 44702

*Gwin, P.J.*

{¶1}   Appellant appeals the July 10, 2018 judgment entry of the Stark County Court of Common Pleas, Probate Division, granting appellee's motion to approve settlement.

*Facts & Procedural History*

{¶2}   On August 1, 2016, the will of Philip DeChellis ("Decedent") was filed with the Stark County Court of Common Pleas, Probate Division.  Appellee Ann Marie Heffner was appointed executrix of the estate, pursuant to her nomination in Decedent's will, on August 10, 2016.  Appellee filed an inventory and appraisal on March 7, 2017.  The inventory and appraisal included Decedent's business, P&P JD, LLC, as part of Decedent's estate.  The appraisal attached to the inventory provides that P&P JD, LLC "is taxed as a disregarded entity for Federal and Ohio tax purposes, with net income of the entity being reported on the individual tax return of Philip DeChellis, the 100% owner."

{¶3}   On March 22, 2017, appellants Patricia DeChellis and Daniel DeChellis filed exceptions to the inventory.  Appellants filed amended exceptions to the inventory on February 20, 2018 and April 11, 2018.

{¶4}   Appellee filed her first partial account on April 26, 2018.  Appellants filed exceptions to the first partial account on April 27, 2018 and supplemental exceptions on April 30, 2018 and May 18, 2018.  Appellee filed her reply to appellant's exceptions on August 13, 2018.  Appellee filed amended accounts on June 12, 2018, June 14, 2018, and July 9, 2018.  Each of the accounts includes P&P JD, LLC and its associated checking accounts.

{¶5} Appellee filed a motion to approve settlement on June 4, 2018. Appellee sought the trial court's approval of the settlement of an action that had been pending in the Stark County Court of Common Pleas General Division since 2012 against 221 Market North, Inc., and P&P JD, LLC. for sexual discrimination. Both entities were owned entirely by Decedent. The plaintiff in that case had obtained judgment for $208,000, but agreed to settle the claim for less to avoid further litigation. Appellee requested to use estate funds to pay the settlement. Appellants filed a response memorandum on June 5, 2018, a supplemental memorandum on June 7, 2018, and a reply memorandum on June 12, 2018. Appellants argued Decedent's estate had no liability for any claims against P&P JD, LLC, including the General Division judgment against 221 Market North and P&P JD, LLC.

{¶6} The trial court held a hearing on the motion to approve settlement on July 10, 2018 and issued an order approving settlement on July 10, 2018.

{¶7} On October 10, 2018, the trial court appointed Attorney David Dingwell as Special Court Investigator and Special Commissioner. On January 10, 2019, appellants filed an emergency motion for appointment of receiver, requesting the trial court immediately appoint a receiver to manage the affairs of P&P JD, LLC.

{¶8} The trial court removed appellee as executrix of the estate and appointed Attorney Dingwell as special administrator of the estate, with will annexed, on February 15, 2019.

{¶9} Appellant appeals the July 10, 2018 judgment entry of the Stark County Common Pleas Court, Probate Division, and assigns the following as error:

{¶10} "I. THE PROBATE COURT BELOW ERRED IN GRANTING, VIA THE ORDER APPROVING SETTLEMENT NOW ON APPEAL, APPELLEE'S MOTION FOR APPROVAL OF SETTLEMENT."

*Final Appealable Order*

{¶11} In this case, we must determine whether the order under review is a final appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co. v. Ins. Co. of N. America*, 44 Ohio St.3d 17, 540 N.E.2d 266 (1989). In the event that the parties to the appeal do not raise this jurisdictional issue, we may raise it sua sponte. See *Chef Italiano Corp. v. Kent State University*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989); *Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 280 N.E.2d 922 (1972).

{¶12} Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. To be final and appealable, an order must comply with R.C. 2505.02 and Civ.R. 54(B), if applicable.

{¶13} R.C. 2505.02(B) defines final orders as follows:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both

of the following apply:

(a) The order in effect determines the action with respect to the

provisional remedy and prevents a judgment in the action in favor

of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or

effective remedy by an appeal following final judgment as to all

proceedings, issues, claims, and parties in the action.

{¶14} In this case, we find the July 10, 2018 judgment entry does not determine the action and prevent a judgment. Further, an immediate appeal is not required to protect a substantial right. As detailed above, the trial court has not yet approved an inventory in this case and has not approved any of the partial or amended accounts in this case. Both the inventory and the accounts specifically deal with P&P JD, LLC. Further, the trial court removed appellee as executrix of the estate and has appointed Attorney Dingwell as special administrator, with will annexed, and ordered him to investigate the circumstances of the estate and file a report with the trial court. Accordingly, the July 10, 2018 judgment entry is not a final appealable order pursuant to R.C. 2505.02.

{¶15}  Based on the foregoing analysis, this Court lacks jurisdiction to consider this appeal.  The appeal in this matter is hereby dismissed.


By Gwin, P. J.,

Wise, John, J., and

Delaney, J., concur